IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § § Criminal No. 3:08-CR-083-D VS. § § CHAD MICHAEL HUTCHINS, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Chad Michael Hutchins ("Hutchins") moves for early termination from supervised release. For the reasons that follow, the court denies the motion.

I

Hutchins pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On October 10, 2008 the court sentenced him to 120 months' imprisonment to be followed 15 years of supervised release. Hutchins was released from the Federal Bureau of Prisons on February 26, 2015.

On May 22, 2023 Hutchins filed the instant motion under 18 U.S.C. § 3583(e) for early termination from supervised release. In support of his motion, he contends that he has already completed eight years of his term of supervised release without any violations; he has satisfied all of the requirements imposed on him under the terms of his supervised release and all of his financial obligations and fines; his family "has stood by him, which according to statistics, significantly reduces the likelihood of his re[-]offending," D. Reply 1; he has been

employed with one company for the last eight years and has moved into a more responsible position within the firm; and his new position requires travel, which has proved difficult while on supervised release. The government opposes Hutchins' motion.[*]

II

Under 18 U.S.C. § 3583(e), a district court, after considering the factors set forth in 18 U.S.C. § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000). Section 3583(e)(1) "confers broad discretion" on the district court. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

III

Hutchins has not demonstrated that his conduct warrants early termination of supervised release. Nor has he shown "exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *United States v. Hartman*, 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013) (Horan, J.) (citation omitted), *rec. adopted*, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013) (Boyle, J.); *see also United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb.

---

[*]The government responded to Hutchins' motion on September 25, 2023, and Hutchins filed his reply on October 16, 2023. The motion is now ripe for a decision.

13, 2020) (Horan, J.) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior." (quoting *United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))), *rec. adopted*, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020) (Scholer, J.).

Although it appears that Hutchins has been compliant while on supervised release, the court agrees with the government that Hutchins' compliance merely "demonstrates that he is fulfilling the baseline expectation for anyone on supervised release." Gov't Br. 2. "[C]ompliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *Guidry*, 2020 WL 908542, at *1 (citation omitted). Nor is the court that persuaded that Hutchins' difficulty traveling for work while on supervised release justifies early termination. *See, e.g.*, *Hartman*, 2013 WL 524257, at *4 (finding that defendant's desire to travel freely within Texas and to surrounding states for work did not constitute changed circumstances justifying early termination of supervised release where defendant did "not suggest that he cannot maintain his self-employment while on supervised release and continue to obtain permission for work-related travel beyond this district's geographic boundaries.").

IV

As noted, when deciding whether to terminate a term of supervised release, the court must consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"

Hutchins is currently serving a 15-year term of supervised release for the possession of child pornography, which is a serious offense that results from the victimization and exploitation of children. At the time of sentencing, Hutchins had stipulated to possessing well over 600 images of child pornography on his home computers and admitted using methamphetamine. "This information is appropriately taken into account when considering [Hutchins'] request for early termination." *United States v. Cottom*, ___ F.Supp.3d ___, 2023 WL 5418403, at *3 (W.D.N.Y. Aug. 23, 2023) (denying motion for early termination of supervised release where, *inter alia*, sentencing court expressly found that defendant had in his possession more than 600 images of child pornography).

Although Hutchins is fortunate that his family "has stood by him," D. Reply 1, and he now appears to be on the right track, the court finds that termination of his term of supervised release at this time would not reflect the seriousness of his offense, deter future criminal conduct, and provide needed structure for Hutchins' continued rehabilitation. *See United States v. Lynn*, 2022 WL 2446328, at *4 (S.D. Miss. May 31, 2022) (holding that the

serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison).

Accordingly, having considered the § 3553(a) factors, the court in its discretion denies Hutchins' motion under § 3583(e).

\* \* \*

For the reasons explained, Hutchins' May 22, 2023 motion for early termination from supervised release is denied.

**SO ORDERED**.

December 11, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE
